IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYTON G. MELLOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH D. SPRAGUE, JEREMY A. HALE, MATTHEW E. MCELHOE, and ANDREW J. CHARLES, in their individual capacities. | ) Case No. 17-cv-2006 |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Bryton G. Mellott ("Plaintiff"), by his attorneys, complain against Defendants Kenneth D. Sprague, Jeremy A. Hale, Matthew E. McElhoe, and Andrew J. Charles, in their individual capacities (collectively "Defendants") as follows:

**I.   PRELIMINARY STATEMENT**

1. This is a civil rights lawsuit to redress the violation of Mr. Mellott's right to free speech and to be free from unreasonable detention. Mr. Mellott charges a violation of his rights under the First and Fourth Amendments to the United States Constitution and of Article I, Sections 4 and 6 of the Illinois Constitution and brings his action pursuant to 42 U.S.C. §§ 1983 and 1988, 28 U.S.C. § 2201 et seq., and the laws and Constitution of the State of Illinois. Mr. Mellott seeks declaratory relief and monetary damages.

2. On July 3, 2016, Mr. Mellott posted a photograph of himself burning an American flag on Facebook, an online forum, with a caption to express his disappointment with current political and social events. On July 4, 2016, with no credible reason to believe Mr. Mellott or any other individual would be harmed, Defendants, Urbana Police Department officers, arrested,

1

charged, and detained Mr. Mellott for violating the Illinois flag desecration statute. Both the burning of the flag and the posting on Facebook constituted speech protected by the First Amendment, and Defendants lacked probable cause to arrest him based on that speech.

## II.JURISDICTION AND VENUE

3.This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

4.Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## III.PARTIES

5.Plaintiff BRYTON G. MELLOTT is a 22-year old resident of Urbana, Illinois and a U.S. citizen.

6.Defendant KENNETH D. SPRAGUE ("Sprague") is now and was at the time of the events complained of herein a police officer employed by the Urbana Police Department. He is sued in his individual capacity.

7.Defendant JEREMY A. HALE ("Hale") is now and was at the time of the events complained of herein a police officer employed by the Urbana Police Department. He is sued in his individual capacity.

8.Defendant MATTHEW E. MCELHOE ("McElhoe") is now and was at the time of the events complained of herein a police officer employed by the Urbana Police Department. He is sued in his individual capacity.

9.Defendant ANDREW J. CHARLES ("Charles") is now and was at the time of the events complained of herein a sergeant employed by the Urbana Police Department. He is sued in his individual capacity.

10. At all times relevant to this complaint, all Defendants were acting under color of state law, and their conduct constituted state action.

## IV. FACTS

### *Illinois' Flag Desecration Statute*

11. Under Illinois' flag desecration statute, 720 ILCS 5/49-1, any person who "publicly mutilates, defaces, defiles, tramples, or intentionally displays on the ground or floor" an American flag is guilty of a Class 4 felony. 720 ILCS 5/49-1.

12. Under clearly established law, Illinois' flag desecration statute violates the First Amendment of the U.S. Constitution and Article I, Section 4 of the Illinois State Constitution.

### *Mr. Mellott's Expressive Acts on July 3, 2016*

13. Around June 15, 2016, Bryton Mellott conceived of the idea of expressing his dissatisfaction with current political and social events by burning the American flag. As part of his plan, Mr. Mellott purchased an American flag and waited for a rainy day to ensure that nothing but the flag itself would catch fire during his protest.

14. On July 3, 2016, a rainy day, Mr. Mellott received permission from a friend to use the backyard of his home, near Lincoln Avenue and California Street in Urbana, Illinois, to burn his American flag. Mr. Mellott chose that location because he thought it would be a private area, fairly hidden from public view.

15. Around 8:00 p.m. on July 3, 2016, Mr. Mellott and a second friend went to the backyard near Lincoln and California. Around 8:20 p.m., holding the flag by a pole, Mr. Mellott applied a small amount of lighter fluid to the bottom of the flag and lit it with a match. As the flame caught the bottom of the flag and started to burn, Mr. Mellott's friend used Mr. Mellott's cellular phone to take pictures of Mr. Mellott holding the burning flag.

16. To the best of Mr. Mellott's knowledge, no one besides his friend saw him burn the American flag.

17. After the flag was consumed, the fire extinguished itself, having touched nothing else in the yard. Mr. Mellott and his friend confirmed that the fire was completely extinguished before leaving the yard.

18. Soon after, Mr. Mellott posted to his Facebook page six photographs of himself holding the burning flag, along with the following caption, which he had prepared weeks in advance: "I am not proud to be an American. In this moment, being proud of my country is to ignore the atrocities committed against people of color, people living in poverty, people who identify as women, and against my own queer community on a daily basis. I would like to one day feel a sense of pride toward my nationality again. But too little progress has been made. Too many people still suffer at the hands of politicians influenced by special interests. Too many people are still being killed and brutalized by a police force plagued with authority complexes and racism. Too many people are allowed to be slaughtered for the sake of gun manufacturer profits. Too many Americans hold hate in their hearts in the name of their religion, and for fear of others. And that's only to speak of domestic issues. I do not have pride in my country. I am overwhelmingly ashamed, and I will demonstrate my feelings accordingly. #ArrestMe."

19. Mr. Mellott burned the flag and posted the photographs and caption to express his personal views about current events in America. Mr. Mellott had no intention of inciting violence with his Facebook post, and no reasonable person could conclude that Mr. Mellott intended to do so from the content of his Facebook post.

20. Throughout the night, Mr. Mellott received comments to his post and responded to some of them. Many of Mr. Mellott's responses reminded the commenter to be respectful

when reacting to his post. At no time did Mr. Mellott intend to incite violence with his messages, nor did he feel threatened by the commenters' posts. At around 11:00 p.m., Mr. Mellott went to sleep.

*Investigation and Arrest of Mr. Mellott on July 4, 2016*

21. When Mr. Mellott woke up around 5:00 a.m. on the morning of July 4, 2016, Mr. Mellott had received approximately 200 comments in response to his July 3, 2016 Facebook post.

22. Around 6:30 a.m. on July 4, 2016, Mr. Mellott reported to work at Walmart on South Dunlap Street in Savoy, Illinois.

23. At the staff meeting that morning, Mr. Mellott's supervisor, Chris Hundley, announced that any Walmart employee contacted by the media was to transfer the call to Walmart's corporate headquarters.

24. Around this time, Mr. Hundley also called METCAD, the public safety communications center for Champaign County, Illinois, regarding alleged threats made by unknown people towards Mr. Mellott and the store.

25. Around 7:00 a.m., one of the defendants, Officer Hale, looked at the Illinois General Assembly website, determined that the Illinois flag desecration statute was still in effect, and decided to enforce it. Another defendant, Sergeant Andrews, was aware of, reviewed, and approved of the decision to enforce the flag desecration statute.

26. According to Officer Sprague's police report, at 7:48 a.m., defendants Officers Sprague, Hale, and McElhoe had been dispatched through METCAD to investigate a complaint that someone had burned a flag and was receiving death threats.

5

27. Around 7:48 a.m., while Officers Sprague, Hale, and McElhoe were en route to Mr. Mellott's home, Officer Sprague learned that Mr. Hundley had called METCAD asking for an officer to call him back. Officer Sprague called Mr. Hundley and, after speaking with him, asked to speak with Mr. Mellott.

28. Mr. Mellott told Officer Sprague that he had posted the pictures on Facebook of himself holding a pole with the American flag burning because he wanted to engage in peaceful protest over the serious issues of police brutality, welfare, and income inequality. Mr. Mellott emphasized that he had no intention of upsetting people.

29. Officer Sprague asked Mr. Mellott where the flag burning had occurred, and Mr. Mellott told him that it took place in a backyard near Lincoln Avenue and California Street in Urbana, Illinois. While Officer Sprague spoke to Mr. Mellott, Officer McElhoe drove to that location.

30. Officer Sprague told Mr. Mellott to take down his Facebook post to protect his own and his coworkers' welfare. Mr. Mellott responded that, if the post had already been shared as widely as the officers had stated, removing his original post would not stop people from continuing to view and share his post. After this, Officer Sprague discontinued his call with Mr. Mellott.

31. At the backyard at Lincoln Avenue and California Street, Officers Sprague, Hale, and McElhoe found a pile of burnt ashes and a metal pole on the ground.

32. There is a narrow path through which a small portion of the backyard can be viewed from Lincoln Avenue. Defendants did not receive any calls or complaints from anyone who had directly viewed Mr. Mellott burning the American flag on July 3, 2016.

33. Officer Sprague took possession of the burnt pole, and Officers Sprague, Hale, and McElhoe went to Walmart to speak to Mr. Mellott in person.

34. Between approximately 8:30 a.m. and 9:00 a.m., Officers Sprague, Hale, and McElhoe arrived at Walmart, where Mr. Hundley escorted them to a back office. Mr. Hundley asked Mr. Mellott to speak with the officers and Mr. Mellott agreed to do so.

35. Mr. Mellott told the officers that he burned the flag and placed the photos of himself burning it on Facebook to protest the blind nationalistic approach to foreign and domestic issues.

36. Officer Sprague asked Mr. Mellott a series of questions about whether anyone had viewed or could have viewed Mr. Mellott's flag burning. Mr. Mellott responded that it may have been possible to have viewed the flag burning from Lincoln Avenue through a narrow three-foot passage between homes.

37. Officer Sprague placed Mr. Mellott under arrest and orally informed him of his rights under *Miranda v. Arizona*.

38. Officer Sprague placed handcuffs on Mr. Mellott, searched him, and charged him with violating Illinois' flag desecration statute. The police report also mentions disorderly conduct as an offense, but the report is not clear about whether Mr. Mellott was actually charged with this offense.

39. Officers Sprague, Hale, and McElhoe walked Mr. Mellott out of Walmart in handcuffs in front of four coworkers and at least ten customers.

40. At the time of the arrest, Defendants had no probable cause to believe Mr. Mellott had committed any crime.

41. Between approximately 9:10 a.m. and 10:00 a.m., Officer Sprague transported Mr. Mellott to the Champaign County Jail and left him in the custody of the corrections officers.

42. Mr. Mellott was detained at the Champaign County Jail with at least ten other detainees for approximately five hours. Mr. Mellott had never been arrested before and felt frightened, lost, shocked, and anxious.

43. Around 11:00 a.m., Sergeant Charles notified Lieutenant Joel Sanders of the arrest of Mr. Mellott. Lieutenant Sanders discussed the incident with the State's Attorney's Office. The State's Attorney's Office completed research regarding the constitutionality of the statute at around 2:00 p.m.

44. After consulting with the State's Attorney's Office, Lieutenant Sanders asked Sergeant Charles and Officer Sprague to release Mr. Mellott on a Notice to Appear.

45. Around 2:09 p.m., Sergeant Charles and Officer Sprague went to the Champaign County Jail, issued to Mr. Mellott a Notice to Appear and released him.

### *Aftermath of the Arrest*

46. On July 5, 2016, Champaign County State's Attorney Julia Rietz announced that Mr. Mellott would not be charged under Illinois' flag desecration statute, noting that the Supreme Court of the United States has held flag burning to be "protected free speech."

47. Between July 4 and July 8, 2016, Lieutenant Sanders also concluded that Mr. Mellott's conduct did not meet the elements of (1) assault, (2) disorderly conduct, (3) mob action, (4) inciting a riot, or (5) harassment through electronic means.

48. Each of the defendants personally participated in the unlawful conduct described herein, which deprived Mr. Mellott of his constitutional rights, and failed to intervene or stop the

other defendants from engaging in the unlawful conduct, despite possessing the power to do so, or knew of and condoned or approved of the unlawful conduct.

49. Defendants' unlawful conduct described herein directly and proximately caused a deprivation of Mr. Mellott's constitutional rights. Defendants' unlawful conduct also directly and proximately caused, and continues to cause, Mr. Mellott mental and emotional distress, anxiety, discomfort, humiliation, a loss of self-esteem, and damage to his reputation.

## V.     CLAIMS FOR RELIEF

### COUNT ONE
### 42 U.S.C. Section 1983 and the First Amendment to the United States Constitution

50. The allegations of paragraphs 1 through 49 are realleged and incorporated by reference as if fully set forth herein.

51. Mr. Mellott's actions in burning an American flag and posting pictures on Facebook are speech protected by the First Amendment to the United States Constitution.

52. The Illinois flag desecration statute violates the First Amendment on its face and as applied to Mr. Mellott.

53. The actions of Defendants described herein violated Mr. Mellott's right to freedom of expression under the First Amendment to the United States Constitution as incorporated by the Fourteenth Amendment.

### COUNT TWO
### 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution

54. The allegations of paragraphs 1 through 49 are realleged and incorporated by reference as if fully set forth herein.

55. Defendants had no probable cause to arrest Mr. Mellott on July 4, 2016.

56.     The actions of Defendants described herein violated Mr. Mellott's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution as incorporated by the Fourteenth Amendment.

## COUNT THREE
### Article I, Section 4 of the Illinois Constitution

57.     The allegations of paragraphs 1 through 49 are realleged and incorporated by reference as if fully set forth herein.

58.     Mr. Mellott's actions in burning an American flag and posting pictures on Facebook are speech protected by Article I, Section 4 of the Illinois Constitution.

59.     The Illinois flag desecration statute violates Article I, Section 4 of the Illinois Constitution on its face and as applied to Mr. Mellott.

60.     The actions of Defendants described herein violated Mr. Mellott's right to speak, write, and publish freely as guaranteed by Article I, Section 4 of the Illinois Constitution.

## COUNT FOUR
### Article I, Section 6 of the Illinois Constitution

61.     The allegations of paragraphs 1 through 49 are realleged and incorporated by reference as if fully set forth herein.

62.     Defendants had no probable cause to arrest Mr. Mellott on July 4, 2016.

63.     The actions of Defendants described herein violated Mr. Mellott's right to be free from unreasonable searches, seizures, and invasions of privacy as guaranteed by Article I, Section 6 of the Illinois Constitution.

**VI.     REQUEST FOR RELIEF**

WHEREFORE, Mr. Mellott respectfully requests from this Court the following relief:

    A.    A declaratory judgment that Defendants violated the rights of Mr. Mellott under the First and Fourth Amendments of the United States Constitution and Article I, Sections 4 and 6 of the Illinois Constitution.

    B.    A declaratory judgment that Illinois' flag desecration statute, 720 ILCS 5/49-1, is unconstitutional on its face and as applied to Mr. Mellott.

    C.    Compensatory damages, in an amount to be ascertained at trial, for the unlawful suppression of Mr. Mellott's freedom of expression; the unlawful detention, arrest, and searches and seizures; and the emotional distress experienced by Mr. Mellott as a result of Defendants' acts complained of herein.

    D.    Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988 and the Illinois Civil Rights Act of 2003, 740 ILCS 23/1 et seq.

    E.    Such other and further relief as this Court may deem just and proper.

DATED: January 11, 2017

Respectfully submitted,

/s/ Rebecca Glenberg
REBECCA GLENBERG
BHARATHI PILLAI
Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Ave., Suite 2300
Chicago, IL 60601
(312) 201-9740
rglenberg@aclu-il.org
bpillai@aclu-il.org

EVERETT CYGAL
Schiff Hardin
233 S. Wacker Dr., Suite 6600
Chicago, IL 60606
(312) 258-5500
ecygal@schiffhardin.com

*Counsel for plaintiff*